# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL MORALES-MORALES, also known as Victor Manuel Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-186-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Victor Manuel Morales-Morales appeals the 18-month, within-guidelines sentence he received following his guilty plea conviction for illegal reentry into the United States after removal. He argues that the sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Morales-Morales contends that the sentence overstates the seriousness of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and criminal history and fails to provide just punishment for that offense.  He further urges that the sentence overstates the need to protect the public and promote respect for the law, and fails to adequately account for his personal history and circumstances, including that he left El Salvador and returned to the United States to escape threats of gang violence.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Because the sentence falls within the properly calculated advisory guidelines range, it is entitled to a presumption of reasonableness.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

In previous cases, we have rejected the arguments that Morales-Morales raises on appeal.  We have not been persuaded that the Guidelines overstate the seriousness of illegal reentry because it is a mere trespass offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Likewise, we have rejected the argument that the Guidelines' double-counting of criminal history for illegal reentry necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Morales-Morales's contention that his benign motives for returning to the United States warranted a lesser sentence is also unavailing.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His arguments amount to a request that this court reweigh the sentencing factors, which we will not do.  *See Gall*, 552 U.S. at 51.

No. 18-50363

Morales-Morales has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. The judgment of the district court is AFFIRMED.